IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-300-FL-1
NO. 5:15-CV-673-FL

| | | |
|---|---|---|
| GERALD WAYNE O'NEAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 87). The issues raised are ripe for ruling. For the following reasons, this court dismisses petitioner's motion.

## BACKGROUND

On November 14, 2012, petitioner pleaded guilty, pursuant to a written plea agreement, to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count One) and possession with the intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count Two). As part of his plea agreement, petitioner agreed to waive the right to challenge his conviction or sentence on collateral review with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct not known at the time of petitioner's guilty plea. (Plea Agreement (DE 22) at 1-2).

On May 8, 2013, the court sentenced petitioner to 210 months' imprisonment on both counts, with the terms to run concurrently with each other. In imposing sentence, the court granted

the government's motion for a downward departure based on substantial assistance. The court ultimately reduced petitioner's sentence by 20 percent from the bottom of the advisory guideline range of 262 to 327 months. Petitioner appealed his judgment, and the United States Court of Appeals for the Fourth Circuit affirmed in an unpublished opinion on June 4, 2014. United States v. O'Neal, 575 F. App'x 135 (4th Cir. 2014).

On December 28, 2015, petitioner filed a motion to vacate, set aside, or correct sentence, made pursuant to § 2255, arguing that he has been improperly designated as a career offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). On July 20, 2016, the court of its own initiative stayed the case pending the resolution of the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). Following the resolution of Beckles, the court lifted the stay on petitioner's case and directed petitioner to file a supplement to his § 2255 motion. Ultimately, petitioner counsel filed a notice of voluntary dismissal of petitioner's motion to vacate on June 12, 2017.

Petitioner filed in the instant motion to vacate on November 20, 2017, arguing again improper sentencing as a armed career criminal in light of Johnson and ineffective assistance of counsel.

**COURT'S DISCUSSION**

A.     Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the

2

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

The court "must classify pro se pleadings from prisoners according to their contents, without regard to their captions."  United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003). Petitioner's motion is entitled in full "motion for sentence reduction due to illegal gun conviction and the Johnson case," (DE 87 at 1), and the motion attacks his underlying conviction; thus, petitioner's motion is a second or successive petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Such a petition may not be brought prior to receiving certification from the Fourth Circuit that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255; see Winestock, 340 F.3d at 205.[1]  Plaintiff presents no such certification.  Accordingly, petitioner's § 2255 claim must be dismissed.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they

---

[1] The court notes that with respect to petitioner's Johnson claims, petitioner was sentenced pursuant to the Sentencing Guidelines and not the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the statute subject of the Supreme Court's analysis in Johnson.  See Beckles v. United States, 137 S. Ct. 886, 890 (2017) (holding that "the advisory [United States Sentencing] Guidelines are not subject to vagueness challenges under the Due Process Clause."). Petitioner's presentence report states petitioner qualifies as both an armed career criminal and as a career offender under the sentencing guidelines.  (PSR (DE 31) at ¶ 60).  However, petitioner's sentence was based on his qualifying as a career offender, not as an armed career criminal.  (See id. at ¶¶ 59, 82, and 98; see also sentencing hearing (DE50)("You are a career offender and the criminal history category is the highest, that is a level VI")).

3

are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, petitioner's motion to vacate (DE 87) is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this the 26th day of April, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge