IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-300-FL-1
NO. 5:20-CV-576-FL

| | |
|---|---|
| GERALD WAYNE O'NEAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 97), and to correct an error in the court's April 26, 2018, order dismissing petitioner's prior motion to vacate.

**BACKGROUND**

On November 14, 2012, petitioner pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count one) and possession with the intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count two). On May 8, 2013, the court sentenced petitioner to 210 months' imprisonment on both counts, with the terms to run concurrently with each other. Petitioner appealed his judgment, and the United States Court of Appeals for the Fourth Circuit affirmed in an unpublished opinion on June 4, 2014. United States v. O'Neal, 575 F. App'x 135 (4th Cir. 2014).

On December 28, 2015, petitioner filed his first motion to vacate, set aside, or correct sentence pursuant to § 2255, arguing that he erroneously was designated a career offender in light

of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Ultimately, petitioner's counsel filed a notice of voluntary dismissal of petitioner's first motion to vacate on June 12, 2017.

Petitioner filed second motion to vacate on November 14, 2017,[1] arguing improper sentencing as an armed career criminal and career offender in light of Johnson and ineffective assistance of counsel. On April 26, 2018, the court dismissed the motion without prejudice, finding that the motion was an attempt to file a second or successive § 2255 motion without first obtaining authorization from the Fourth Circuit as required by 28 U.S.C. §§ 2255(h) and 2244.

## COURT'S DISCUSSION

The court first explains the error in the April 26, 2018, order. The court's determination that petitioner's November 14, 2017, motion to vacate was an unauthorized second or successive motion was erroneous. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive [§ 2255 motion] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." However, "it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of [28 U.S.C. § 2244(b)(3)(A)]." United States v. Hairston, 754 F.3d 258, 261-62 (4th Cir. 2014) (quoting In re Williams, 444 F.3d 233, 235 (4th Cir.2006)). And where, as here, the petitioner voluntarily dismisses without prejudice his first § 2255 motion, a numerically second motion to vacate is "not a 'second or successive' motion within the meaning of [28 U.S.C. § 2255(h)]." United States v. Sosa, 364 F.3d 507, 510 n.2 (4th Cir. 2004); see also Slack v.

---

[1] Although filed on the docket on November 20, 2017, a motion to vacate filed by a pro se prisoner is deemed filed on the date the prisoner places the motion in the prison mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988). In this instance, the court assumes petitioner placed the motion in the prison mail system on the date he signed it.

McDaniel, 529 U.S. 473, 485-86 (2000). Petitioner's November 14, 2017, motion to vacate therefore should not have been dismissed as an unauthorized second or successive motion.

Accordingly, the court vacates its April 26, 2018, order, and the court will allow petitioner, if he so chooses, to reassert the claims raised in his November 14, 2017, motion in an amended motion to vacate filed on the court's prescribed form for § 2255 motions.[2] See 28 U.S.C. § 2244(b)(2) (providing that only claims "presented in a second or successive habeas corpus application" are subject to the pre-authorization rules); see also Hairston, 754 F.3d at 261-62.

The court now turns to petitioner's instant motion to vacate. Where the motion attacks the validity or correctness of petitioner's judgment of conviction and sentence, the court hereby provides petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize the instant motion as an attempt to file a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Pursuant to Castro, the court warns petitioner that if the motion is resolved on the merits, this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." 540 U.S. at 383. In addition, the court provides petitioner with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has, including specifically any claims previously raised in his November 14, 2017, motion to vacate. Id. The court also notifies petitioner of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f).

---

[2] In the event respondent argues that any reasserted claims should be dismissed on statute of limitations grounds, petitioner may request that the court consider such claims filed as of November 14, 2017.

3

## CONCLUSION

Based on the foregoing, the court VACATES its April 26, 2018, order. The court hereby permits petitioner to file a response to the court's proposed recharacterization of his motion to vacate (DE 97) within **21 days** from the date of this order. The court advises petitioner that if, within the time set by the court, he agrees to have the motion recharacterized or does not respond in opposition to the recharacterization, the court shall consider the motion as one under § 2255 and shall consider it filed as of the date the original motion was filed. If, however, petitioner responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion and will dispose of the motion in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters. Finally, in the event petitioner intends to file an amended motion raising all his § 2255 claims in a single filing, such motion must be filed on the court's prescribed form within **21 days** from the date of this order. The clerk is DIRECTED to send petitioner the court's form § 2255 motion.

SO ORDERED, this the 9th day of November, 2020.

*[Signature]*
LOUISE W. FLANAGAN
United States District Judge